**Vincent VANN, Plaintiff,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Mark Gumbs, Pass # 348006, in his individual and official capacity, and Clarence Mitchell, Pass # 613062, in his individual and official capacity, and C. Totten, Pass # 9000060, in his individual and official capacity, and Kyle Pipkin, sued herein in error as Kile Pipken, Pass # 704384, in his individual and official capacity, and Scott Benbow, Pass # 058901, in his individual and official capacity, Defendants.**

**No. 95 Civ. 4348(RWS).**

United States District Court, S.D. New York.

June 2, 1998.

Dominic E. Ezeudu, New York City, for Plaintiff.

Martin B. Schnabel, Acting General Counsel, New York City Transit Authority, Brooklyn, NY (Kenneth Howard Schiffrin, of counsel), for Defendants.

## OPINION

SWEET, District Judge.

Defendants the New York City Transit Authority (the "Transit Authority"), Mark Gumbs, Clarence Mitchell, C. Totten, Kyle Pipkin and Scott Benbow (collectively, the "Defendants") have moved to dismiss the complaint filed by Vincent Vann ("Vann") pursuant to Rule 56, Fed.R.Civ.P. Vann alleged in his complaint that the Transit Authority terminated his employment due to his exercise of free speech rights guaranteed by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983. For the reasons set forth below, Defendants' motion is granted, and the action is dismissed.

### Facts and Prior Proceedings

Vann was hired by the Transit Authority as a trackworker on October 7, 1993, subject to a one year probationary term for evaluating his services. The Transit Authority discharged Vann on July 1, 1994. The discharge letter, written by Howard Chynsky, the Finance and Human Resources Officer at the Transit Authority's Division of Track, states that the reason for Vann's termination is that "you have not satisfactorily completed your probationary period."

Defendants also submitted a memorandum, dated July 1, 1994, from Frederick E. Smith, the Chief Engineer at the Division of Track, and addressed to William Seres, Deputy Vice President of Employee Resources, which states that:

On May 5, 1994, [Vann] violated the rules of New York City Transit with regard to

safety and insubordination in that he absented himself from a job site and he failed to have all of his safety gear. As a result, [Vann] was given a final warning on May 13, 1994. On June 9, 1994, [Vann] again violated New York City Transit rules with regard to safety and insubordination in that he absented himself from a job site and he failed to connect the third rail alarm timely upon being ordered to do so. The memorandum concludes that "it is deemed that the services of Trackworker Vann are unsatisfactory and it is recommended that he be terminated immediately."

Vann filed a complaint in this Court on June 9, 1995, alleging primarily that he was unlawfully terminated as a result of his persistent complaints to Transit Authority management that unsafe conditions existed at his job site that put himself, his co-workers, and the general public at risk.

The Defendants filed the instant motion on November 26, 1997. Argument was heard on March 25, 1998, at which time both parties were granted leave to submit additional materials. Defendants filed a supplemental affidavit and memorandum of law in support of the motion to dismiss on April 17, 1998. Vann did not file any additional papers, and has submitted no affidavits, documents, or other evidence to support his allegations in opposition to the instant motion.

### Discussion

#### I. Standard For Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 1).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Keywell Corp. v. Weinstein*, 33 F.3d 159, 163 (2d Cir.1994) (a party is entitled to summary judgment if "resolving all ambiguities and drawing all factual inferences in favor of the non-moving party, there is no genuine issue of material fact to be tried"). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

However, the mere existence of disputed factual issues is insufficient to defeat a motion for summary judgment. *See Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11–12 (2d Cir.1986). The disputed issues of fact must be "material to the outcome of the litigation," *id.* at 11. "Substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

To defeat summary judgment, the non-moving party must present evidence that would allow "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id. See also Anderson*, 477 U.S. at 248 (genuine issue of material fact exists if "a reasonable jury could return a verdict for the non-moving party").

Rule 56 provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule

56(e), Fed.R.Civ.P. The Rule also provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id.*

## II. Standard For First Amendment Violation

■ A plaintiff may establish a claim pursuant to 42 U.S.C. § 1983 if an employment termination decision was made by reason of his exercise of constitutionally protected First Amendment freedoms. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The question of "whether the speech of a government employee is constitutionally protected expression [ ] entails striking a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* at 284, 97 S.Ct. 568 (quoting *Pickering v. Board of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). *See also Pickering,* 391 U.S. at 574, 88 S.Ct. 1731 (teacher's exercise of his right to speak on issues of public importance, if not false statements made knowingly or recklessly, may not furnish the basis for his dismissal from public employment); *Donahue v. Windsor Locks Bd. of Fire Comm'rs.,* 834 F.2d 54, 58 (2d Cir.1987) ("plaintiff must first demonstrate that his conduct is deserving of first amendment protection and that the defendants' conduct was motivated by or substantially caused by his exercise of free speech").

■ Procedurally, the burden is initially on the plaintiff "to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' " in the adverse action. *Doyle,* 429 U.S. at 287, 97 S.Ct. 568. Defendant then may show that it would have reached the same decision even in the absence of the protected conduct. *Id.*

## III. There Is No Genuine Issue Of Material Fact Preventing Summary Judgement For Defendants

■ Defendants claim that Vann was terminated not because of his complaints regarding safety, but rather because of unsatisfactory job performance. Specifically, the documents Defendants submitted state that Vann violated the rules of New York City Transit by (1) absenting himself from a job site; (2) failing to have all of his safety gear; and (3) failing to connect the third rail alarm timely upon being ordered to do so. If true, Vann's First Amendment claim would be defeated.

Vann has failed to provide any affidavit, documents, or other evidence to refute Defendants' evidence that the sole factor in his termination was his job performance. The factual allegations made in a memorandum of law in opposition to the instant motion are not supported by any evidence, such as an affidavit by Vann. As just one example, the opposition memorandum states that "On June 9, 1994 defendant Mark Gumbs falsely represented, in a letter, to an NYCTA Superintendent, that Mr. Vann had been 'AWOL' from the job site at 4:25 A.M." This allegation appears only in the opposition memorandum signed by Vann's attorney, who claims no personal knowledge of the facts asserted. Other "proof" submitted in opposition consists of summaries of news reports regarding unsafe conditions at the Transit Authority, none of which satisfy Rule 56's requirement that facts submitted be admissible in evidence.

Vann has also failed to comply with Local Rule 56.1, requiring that opposing parties set forth a "separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 56.1(b). Furthermore, according to Rule 56.1(c), the statements in Defendants' 56.1 statement that Vann's employment was terminated as the

result of poor job performance "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Accordingly, the Defendants' uncontradicted contention that Vann was terminated for reasons other than his exercise of free speech rights must be accepted.

### Conclusion

For the reasons set forth above, Defendants' motion is granted, and the action is dismissed.

It is so ordered.